# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Shawn Brown d/b/a Sakara Global, | Case No. 2:24-cv-01929-CDS-NJK |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss** |
| v. | |
| Access Community Capital, et al., | [ECF Nos. 8, 11] |
| Defendants | |

Plaintiff Shawn Brown brought this Lanham Act, breach of contract, false advertising, discrimination, and unfair business practices action against defendants Access Community Capital and Nic Steele for allegedly unlawfully refusing to provide Brown's company, Sakara Global, a loan. *See* Compl., ECF No. 1. Defendants move to dismiss this entire action with prejudice, arguing that Brown lacks standing to bring his action, and the proper party with standing—Sakara Global—cannot maintain this action without an attorney. *See* Mot. to dismiss, ECF No. 8. Brown filed an opposition to the motion, wherein he requests leniency because he is proceeding pro se; and seeks leave to amend and additional time to obtain counsel. Opp'n, ECF No. 11. The motion is fully briefed. Reply, ECF No. 12. For the reasons herein, I grant the defendants' motion to dismiss with prejudice as to Shawn Brown and without prejudice as to Sakara Global. I give Sakara Global thirty days to secure counsel and to have counsel file a notice of appearance. Further instructions are provided herein.

I.  **Background**

In the complaint, Brown alleges that in April of 2024, his non-profit company, Sakura Global, applied for financial assistance though Access Community Capital, which promotes itself as a "Community Development Financial Institution" (CDFI). *See* ECF No. 1 at 4–5. It further alleges that a CDFI "advertises its services to low-income and underserved communities

in Nevada, despite not being certified by the U.S. Department of Treasury's CDFI Fund." *Id.* at 4, ¶ 12. The complaint alleges that Sakura Global met all the qualifications to receive funding, *id.* at 5, ¶ 18, but on October 2, 2024, the application was denied. *Id.* at ¶ 22.

Brown initiated this action on behalf of himself and Sakura Global, claiming fraudulent misrepresentation, false advertising (Lanham Act violation), breach of contract, violation of equal protection, breach of the duty of fair dealing,[1] violations of Nevada's Deceptive Trade Practices Act, and tortious interference with business. *See id.* at 6–9.

## II.     Legal standard

The Federal Rules of Civil Procedure ("FRCP") requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Because the plaintiffs are proceeding pro se, their complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The court liberally construes this claim as a breach of the covenant of good faith and fair dealing.

2

1    If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  Discussion

Access Capital's motion to dismiss is straightforward: the complaint must be dismissed because Brown has no standing to bring this action and Brown cannot represent Sakura Global, a business, in proper person. *See generally* ECF No. 8. I agree as to both arguments. At the pleading stage, a plaintiff must establish standing by showing "(1) an injury in fact that is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Here, the complaint alleges that Sakura Global—not Brown—applied for the loan through Access Capital that was ultimately denied, meaning Sakura Global suffered an injury not Brown. ECF No. 1 at 4, ¶ 17. Consequently, Brown did not suffer an alleged injury in fact, Sakura Global did, so Brown lacks standing to bring claims against the defendants so the defendants' motion to dismiss as to Brown is granted.

Turning to Sakura Global, the defendants correctly note that a business cannot sue in proper person. ECF No. 8 at 7–8. The Supreme Court has long held that a pro se litigant who is not a licensed attorney cannot represent a business entity in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (stating that the law "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citing

cases)); *see also* 28 U.S.C. § 1654 (requiring corporations, partnerships, or associations to appear in federal court with a licensed attorney). As noted by the defendants, Sakura Global is its own corporation, not a fictitious entity, nor was the business registered "d/b/a"[2] by Brown.[3] Here, Brown improperly filed an opposition to the motion to dismiss in proper person, so it is stricken. *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998)) ("It is well established that '[d]istrict courts have inherent power to control their docket.'"); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008) (discussing, but declining to rule on, the ability of a district court to strike documents submitted as exhibits to a motion). Without a properly filed opposition, the defendants' motion to dismiss is now unopposed. Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion ... constitutes a consent to the granting of the motion." D. Nev. LR 7-2(d). Consequently, the motion is granted as unopposed.

However, dismissal as to Sakura Global is granted without prejudice. And because it is unclear if amendment would be futile, I grant leave to amend. In the now-stricken opposition, Brown asks for leave to correct any decision and a 60-day period to obtain counsel for Sakura Global. ECF No. 11 at 6–7. The court grants this request in part. Given the age of this action, Brown has thirty-days to obtain counsel and to have that counsel file a notice of appearance. If a

---

[2] "d/b/a" means "doing business as."

[3] The court takes judicial notice of the defendants' Exhibit C as a matter of public record but declines to consider Exhibits A and B in resolving this motion. *See* Fed. R. Evid. 201(b)(2) (permitting a court to take judicial notice of ascertainable facts outside the pleadings that are matters of public record). Consideration of Exhibit C does not convert the dismissal motion into one for summary judgment because reference to the business that applied for the loan with Access Capital is central to the complaint. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (a court may consider certain materials, to include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment.). Further, the court reminds the defendants their motion violates Local Rule IC 2-2(3), which requires exhibits and attachments "be attached as separate files[,]" not as part of the base document. Given the age of this case and the need for judicial efficiency, the court does not strike the motion under Local Rule IA 10-1(d). Counsel is cautioned that future violations of the rules may result in the court striking inappropriately filed documents or exhibits.

notice of appearance is filed, counsel has 14-days to file an amended complaint. **Sakura Global is cautioned that failure to comply with these orders may result in dismissal of this case.**

IV.  Conclusion

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 8] is GRANTED without prejudice and with leave to amend.**

IT IS FURTHER ORDERED that Brown's response **[ECF No. 11] is STRICKEN**.

IT IS FURTHER ORDERED that **Sakura Global has until October 3, 2025 to obtain counsel and for that counsel to file a notice of appearance.** If a notice of appearance on behalf of Sakura Global is filed, counsel has fourteen days from appearance to file an amended complaint.

Dated: September 8, 2025

_____
Cristina D. Silva
United States District Judge